US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUL 13 2011

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | |
|---|---|
| TODD TUCKER, | ) |
| Plaintiff, | ) ) ) ) 11-6055 |
| v. | ) ) |
| POWELL LAW OFFICE, P.C., | ) ) ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, TODD TUCKER, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, POWELL LAW OFFICE, P.C., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. TODD TUCKER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Hot Springs, County of Garland, State of Arkansas.

5. The debt that Plaintiff allegedly owed was for a payday loan, the funds of which were incurred for the personal use of Plaintiff and/or used for household expenditure.

1

6. Upon information and belief, the debt that Plaintiff allegedly owed was purchased, acquired and/or otherwise obtained by Capital Management.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. POWELL LAW OFFICE, P.C., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Arkansas. Defendant is licensed as a professional corporation in the State of Colorado.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. In or around February 2011, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that Defendant was calling to collect a debt allegedly owed by Plaintiff to Capital Management.

15. The aforementioned telephone conversation was Defendant's initial communication with Plaintiff.

16. During the aforesaid telephone call, Plaintiff requested that Defendant send him correspondence relative to the debt he allegedly owed.

17. Defendant responded by informing Plaintiff that it had already sent him correspondence.

18. As of February 2010, Plaintiff had been residing at the same residential address for approximately four (4) years.

19. Plaintiff informed Defendant that he has never received any correspondence from Defendant.

20. Plaintiff requested that Defendant send him another copy of the correspondence that it allegedly sent to him.

21. Defendant informed Plaintiff that it would not send him another correspondence.

22. Defendant refused to send Plaintiff another correspondence.

23. Defendant further informed Plaintiff that it did not have to provide Plaintiff with any documentation relative to the debt he allegedly owed.

24. Defendant's representation that it was not required to provide Plaintiff with documentation relative to the debt he allegedly owed was false, deceptive and/or misleading

given that Defendant was obligated to provide Plaintiff with information regarding his rights to dispute the debt on which Defendant was attempting to collect.

25. Subsequent to the aforementioned telephone conversation, Defendant had information in its possession to suggest that any correspondence it had allegedly sent to Plaintiff had not been received by Plaintiff.

26. Subsequent to the aforementioned telephone conversation, Defendant was cognizant that any correspondence it had allegedly sent to Plaintiff had not been received by Plaintiff.

27. Subsequent to the aforementioned telephone conversation, Defendant did not send a correspondence to Plaintiff relative to the debt he allegedly owed.

28. To date, Plaintiff has not received a correspondence from Plaintiff.

29. To date, no member of Plaintiff's household has informed Plaintiff that they received a letter from Defendant addressed to Plaintiff.

30. On or about March 7, 2011, Plaintiff engaged in a telephone conversation with Defendant wherein Defendant informed Plaintiff that he owed a debt to Capital Management.

31. During the course of the aforesaid telephone conversation Defendant stated to Plaintiff "[l]owlife, pay your bills."

32. Defendant's statements as delineated above are neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

33. The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

34. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

35. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

36. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

37. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    b. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

    c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    f. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

38.  As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V. JURY DEMAND

39.  Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TODD TUCKER, by and through his attorneys, respectfully prays for judgment as follows:

    a.  All actual compensatory damages suffered;

    b.  Statutory damages of $1,000.00;

    c.  Plaintiff's attorneys' fees and costs; and,

    d.  Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**TODD TUCKER**

By: _____
David M. Marco
Attorney for Plaintiff

Dated: June 17, 2011

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us